DANIEL MALAKAUSKAS, *Cal. Bar. No.*: 265903
MALAKAUSKAS LAW, APC
7345 South Durango Drive
Suite B-107-240
Las Vegas, NV 89113
Tel: 866-790-2242 / Fax: 888-802-2440
daniel@malakauskas.com

*Attorney for Plaintiff*: **Frank Singh**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| **FRANK SINGH**,<br><br>                    Plaintiff,<br><br>v.<br><br>**LITTLE CAESAR ENTERPRISES, INC.**, as an entity and doing business as "Little Caesar's", **LDC COUGAR, LLC**, and DOES 1-50, Inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT BY FRANK SINGH AGAINST LITTLE CAESAR ENTERPRISES, INC.,** *et al.,* **FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF 1) TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990; 2) THE UNRUH CIVIL RIGHTS ACT; and 3) THE CALIFORNIA DISABLED PERSONS ACT.**<br><br>[42 U.S.C. §§ 12101-12213; Cal. Civ. Code §§ 51, 52, 54, 54.1, 54.2 and 54.3.] |

Comes now the Plaintiff, FRANK SINGH, (hereafter, "Mr. Singh" or "Plaintiff") through his Attorney, DANIEL MALAKAUSKAS, 7345 South Durango Drive, Suite B-107-240, Las Vegas, NV 89113; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied his civil rights, hereby respectfully alleges, avers, and complains as follows:

## THIS COURT CAN GRANT JUSTICE TO A DISABLED INDIVIDUAL

1.      Mr. Singh is a disabled person, confined to a wheelchair, who suffers from the medical condition C-6-7 Tetraplegia.

2.      In October 2022, Mr. Singh was denied the full and equal access to a public accommodation located at 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730.

3.      Mr. Singh now asks that this Court stand up for his rights under the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("UCRA") and the California Disabled Persons Act ("CDPA").

**THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE**

4.      The United States District Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (a)(4), for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. This Court has supplemental jurisdiction over all state claims, including, but not limited to, claims under the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*., and/or the California Disabled Persons Act, Cal. Civ. Code §§ 54-55.3, pursuant to 28 U.S.C. § 1367 as such acts not only expressly incorporate the Americans with Disabilities Act, but such state law claims also arose from the same nucleus of operative facts or transactions.

5.      Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as the claims alleged herein arose in the Central District, specifically at the real property located at 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730.

6.      The Eastern Division of the Central District of California, is the proper division because all claims herein arose at the real property located at 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730.

**THE VICTIM AND THOSE RESPONSIBLE**

7.     Mr. Singh is a disabled person, confined to a wheelchair, who suffers from the medical condition C-6-7 Tetraplegia.  Mr. Singh is therefore a "person with a disability" and a "physically disabled person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the ADA, specifically 42 U.S.C § 12102 and Cal. Civ. Code §§ 51 and 54. Mr. Singh has filed eleven (11) complaints (if including this complaint) alleging construction related accessibility violations in the proceeding twelve (12) months and is therefore a high-frequency litigant pursuant to Cal. Code of Civ. P. §425.55.

8.     Defendants, LITTLE CAESAR ENTERPRISES, INC., and Does 1-50 (hereafter, collectively or individually, "Tenant"), operate as a business establishment, hold themselves out to the public, and do business as "Little Caesar's" at 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730., and have substantial control over the interior and exterior of the building, the parking lot, and all spaces adjacent to such building.

9.     Defendants, LDC COUGAR, LLC, and Does 1-50 (hereafter, collectively or individually, "Landlord", in their commercial real estate investment, owner, or landlord capacity), own, operate, manage, and have substantial control over the real property, including the interior and exterior of the building, parking lot and all spaces adjacent to the building located at 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730.

10.     Defendants, Does 26-50, are individuals, businesses, organizations, or entities which entered into a contract with Defendants, Landlord, and/or Does 1-50, as property managers or franchisees for the real property and adjacent parking lot, and as such have substantial control over the real property located at 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730..

11.     The true names and capacities of the Defendants named herein as Does 1-50, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff requests leave of court to amend this complaint to allege their true names and capacities at such times as they are ascertained.

12.     Plaintiff is informed and believes and thereon alleges that each of the Defendants, including Does 1-50, caused and are responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to Plaintiff's rights to equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

## MR. SINGH WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMMODATION AND NOW FIGHTS FOR ALL DISABLED

13.     Mr. Singh is a disabled person, confined to a wheelchair, who suffers from the medical condition C-6-7 Tetraplegia.  Mr. Singh is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.

14.     In October 2022, Mr. Singh desired to go to and use the services, and/or buy products at the "Little Caesar's" located at 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730. The business "Little Caesar's" was nearby the Victoria Gardens Mall which Mr. Singh likes to frequent and was convenient.

15.     While in the parking lot adjacent to, surrounding, or while inside the business "Little Caesar's," Mr. Singh personally encountered barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered by the facility.

16.     Specifically, and personally, Mr. Singh experienced difficulty while going to the business known as "Little Caesar's."  Mr. Singh had difficulty as the alleged accessible parking spaces and access aisles had improper slopes making it more difficult for Mr. Singh to use in his wheel chair. In addition, there entrance door was heavy and more difficult to open in a wheelchair.  This caused Mr. Singh difficulty and hardship.

17.     Despite Mr. Singh's wish to patronize the business in the future, as the business is near the Victoria Gardens Mall, Mr. Singh visits, the above-mentioned barriers constitute deterrents to access to the business, rendering the business' goods, services, facilities, privileges, advantages, and accommodations unavailable to physically disabled patrons such as himself.

18.     Mr. Singh alleges, on information and belief, that Defendants knew that such barriers existed and that Defendants' failure to remove the barriers was intentional as the particular barriers mentioned above were intuitive and obvious. Additionally, Defendants exercised control and dominion over the condition of the real property and building and had the financial resources to remove such barriers. Furthermore, Mr. Singh alleges, on information and belief, that such modifications were readily achievable as removal of the above barriers could have been achieved without much difficulty or expense.

19.     Mr. Singh brings this lawsuit to encourage Defendants to ensure their property is accessible to all.

## FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA
### (As to all Defendants)

20.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

21.     The parking lot and building at the real property known as 11898 Foothill Boulevard, Suite 110, Rancho Cucamonga, CA 91730. is owned, controlled, operated, leased, and managed by Defendants: Tenant, Landlord, Does 1-50, or their agents. The business "Little Caesar's," including its parking lot, is open to the general public and as such is a "public accommodation" under 42 U.S.C. § 12181 and 28 C.F.R. § 36.104.

22.     Pursuant to 42 U.S.C. § 12182(a), by owning, leasing, or operating the public accommodation known as "Little Caesar's," Defendants are prohibited from discriminating against Plaintiff by denying him, on the basis of his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the facility.

23.     In order to avoid discriminating against a disabled individual pursuant to 28 C.F.R. § 36.101 and § 36.102, Defendants must ensure that such public accommodation is designed, constructed, and altered in compliance with the accessibility standards established by 28 C.F.R. § 36.101 *et seq.*, and have proper policies, practices, and procedures to ensure that individuals with disabilities are afforded equal access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the public accommodation. 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv) and (v), 12183(a)(1) and (2).

24.     Mr. Singh is a disabled person, confined to a wheelchair, who suffers from the medical condition C-6-7 Tetraplegia.  Plaintiff is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102 and 28 C.F.R. § 36.104. While at the interior, exterior, parking lot, or adjacent spaces, of the business known as "Little Caesar's," Plaintiff personally encountered a number of

barriers that interfered with his ability, to use and enjoy the goods, services, privileges and accommodations offered at the facility.

25.    Specifically, Defendants failed to ensure that such real property was equally accessible to individuals with disabilities and medical conditions by having the following barriers at the real property:

a.    The alleged accessible parking space(s) and access aisle(s)' slope(s) exceed two percent (2%) in violation of 1991 ADAAG 4.6.3, 2010 ADAS 502.4 Exception, 2013 CBC 11B-502.4 Exception and 2016 CBC 11B-502.4 Exception;

b.    One or more of the alleged accessible parking spaces fail to have "VAN ACCESSIBLE" identification signage in violation of 1991 ADAAG 4.6.1, 2010 ADAS 502.6, 2013 CBC 11B502.6, 2016 CBC 11B-502.6;

c.    The alleged accessible route's ground surface has one or more openings that exceeds one-half inch (1/2") in violation of 2010 ADAS 403.2, 2013 CBC 11B-403.2, and, 2016 CBC 11B-403.2;

d.    The alleged accessible entrance door(s) requires more than five pounds (5 lbs.) of force to push or pull open in violation of 2013 CBC 11B-404.2.9 and 2016 CBC 11B-404.2.9.

26.    As a direct and proximate cause of Defendants' conduct, Plaintiff, on the basis of his disabilities, was denied the opportunity to participate in or benefit from a good, service, privilege, individuals in violation of 42 U.S.C. § 12181.

27.    Plaintiff seeks injunctive relief to prohibit Defendants' acts and omissions as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that

disabled persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able-bodied persons.

**SECOND CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 51**
**(As to all Defendants)**

28.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

29.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 51(f) and § 52(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

30.     On the basis of his disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals which resulted in Plaintiff's difficulty, discomfort, or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation.

**THIRD CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 54**
**(As to all Defendants)**

31.     Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

32.     Any violation of the ADA 42 U.S.C. §§ 12101-12213 also constitutes a violation of Cal. Civ. Code § 54.1(d) and § 54.3(a), thus independently justifying an award of damages and injunctive relief pursuant to California law.

33.     On the basis of his disabilities, Plaintiff was denied the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals, which resulted in Plaintiff's difficulty, discomfort or embarrassment. Therefore, pursuant to Cal. Civ. Code § 55.56(a) through (c), Plaintiff is entitled to attorneys' fees, costs, and damages on no less than one-thousand U.S. dollars (1,000 USD) for each and every violation.

## PRAYER

WHISEFORE, Plaintiff prays the following:

1.     For injunctive relief directing Defendants to modify their facilities and policies as required by law to comply with ADA regulations, including the ADAAG where required; institute policy to enable Plaintiff to use goods and services offered to the non-disabled public; provide adequate access to all citizens, including persons with disabilities; issue a permanent injunction directing Defendants to maintain their facilities usable by Plaintiff and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.     Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur and will not recur;

3.     Award Plaintiff all appropriate damages, including, but not limited to, either statutory damages of no less than four-thousand U.S. dollars (4,000 USD) for each and every violation of Cal. Civ. Code § 51, or no less than one-thousand U.S. dollars (1,000 USD) for each and every violation of Cal. Civ. Code § 54, with either Cal. Civ. Code § 51 or § 54 being elected prior to, or at, trial, but not both, and general damages in an amount within the jurisdiction of the Court, according to proof;

4.     Award Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law, including but not limited to, 42 U.S.C. § 12205, Cal. Civ. Code §§ 52 and 54.3; and

5.     Grant such other and further relief as this Court may deem just and proper.

Dated: November 19th, 2022

/s/ *Daniel Malakauskas*
By: DANIEL MALAKAUSKAS
Attorney for PLAINTIFF
FRANK SINGH

## VERFICIATION

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Dated: November 19th, 2022.

/s/Frank Singh
By: FRANK SINGH, PLAINTIFF